United States District Court
Southern District of Texas
**ENTERED**
June 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFTON GATLIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-0629 |
| § | |
| JOHN M. O'QUINN & ASSOCIATES, PLLC § | |
| D/B/A THE O'QUINN LAW FIRM, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendants', John M. O'Quinn & Associates, PLLC d/b/a The O'Quinn Law Firm, ("O'Quinn defendants"), motion [Doc. No. 32] to enforce the arbitration clause contained in the "Power of Attorney and Contingent Fee Contract" ["the Agreement] by dismissing this case pursuant to Fed. Rules Civ. Proc., 12(b)(1) and 12(b)(3) or, alternatively, stay this case pending arbitration in accordance with the Agreement. The plaintiff, Clifton Gatlin, filed a timely response to the O'Quinn defendants' motion [Doc. No. 39] arguing against dismissal. The Court has reviewed the documents on file, including attachments and the case law presented and determines that the O'Quinn defendants' motion should be granted in part.

**II.**

This lawsuit arises from a dispute between the parties concerning the distribution of settlement proceeds obtained by the O'Quinn defendants in settled silicosis suit. The plaintiff asserts that the O'Quinn defendants committed fraud, *i.e.,* intentionally concealed their failure to properly process and finalize his claim(s), breached their fiduciary duties under the terms of the

Agreement, breached the Agreement and deceptively and fraudulently charged expenses that were not part of the Agreement.

The O'Quinn defendants deny the plaintiff's charges and seek an order compelling the plaintiff to arbitrate his claims. In this regard, the O'Quinn defendants assert: (a) the arbitration clause in the Agreement is valid and enforceable; (b) the "doctrine of direct benefits estoppel" applies to the plaintiff's claim(s); (c) the suit should be dismissed in favor of arbitration; (d) other courts have addressed similar-situated claimant's opposition to arbitration premised on similar agreements and favored arbitration; and (e) if not dismissal, the suit should be stayed during arbitration.

### III.

In his response, the plaintiff sets forth several bases for permitting the plaintiff's suit to go forward in federal court. First, the plaintiff asserts that arbitration before the American Arbitration Association ("AAA"), pursuant to the terms of the Agreement, is "impossible" "due to the firm's [the O'Quinn defendants] failure to adhere to AAA's policies and procedures in the past. Therefore, there is no available forum[1]. Next, the plaintiff asserts that the costs of arbitration are excessive, thereby rendering the Agreement unconscionable. Third, the plaintiff claims that the arbitration provision is void because it violates disciplinary rules and public policy. With respect to this point, the plaintiff asserts that an agreement containing an arbitration clause, such as is the Agreement here, required the O'Quinn defendants to advise the plaintiff concerning his loss of right to a jury trial in the event of a disagreement arising out of the terms of any settlement. Finally, the plaintiff asserts that the doctrine of "direct benefits estoppel" does not apply to the plaintiff because he is a signatory to the Agreement.

---

[1] Assuming that the parties cannot agree upon a forum, the Court is able to facilitate the process.

**IV.**

The plaintiff does not dispute that he executed a binding arbitration agreement at the time that he executed the power of attorney and contingent fee contract with the O'Quinn defendants. He does not assert confusion, ignorance or lack of understanding concerning the scope and breadth of the Agreement. Therefore, he must overcome the presumption that the Agreement (clause) is valid. *See Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 239 (5th Cir. 2009).

The arguments and the evidence presented by the plaintiff do not overcome the presumption. It is clear that the parties agreed to arbitrate "all" disputes that might arise under the Agreement. Moreover, it is equally clear that the dispute falls within the scope of the Agreement. *See JP Morgan Chase & Co. v. Conegie*, 492 F.3d 598 (5th Cir. 2007). Finally, the plaintiff has not pointed to any statute or policy that prohibits arbitration of the issue(s) raised in this suit.

**V.**

Therefore, the Court determines that arbitration is permitted and appropriate; that the motion should be granted, and that case should be STAYED and administratively closed in the interim. The Court overrules and finds unavailing other arguments presented by the plaintiff as a basis to deny the O'Quinn defendants' motion to arbitrate the dispute.

It is so ORDERED.

SIGNED on this 15th day of June, 2016.

Kenneth M. Hoyt
United States District Judge